UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT I. SAWYER,

                            Plaintiff,

v.                                                         5:20-CV-0783
                                                                       (TJM/ML)
COUNTY OF JEFFERSON,

                            Defendant.
_____

APPEARANCES:                                                         OF COUNSEL:

ROBERT I. SAWYER
  Plaintiff, *Pro Se*
Jefferson County Jail
753 Waterman Drive
Watertown, New York 13601

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

**I.**     **INTRODUCTION**

        The Clerk has sent this *pro se* complaint (Dkt. No. 1) together with an application to proceed *in forma pauperis* (Dkt. No. 2) filed by Robert I. Sawyer ("Plaintiff") to the Court for review. For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 2), and recommend that Plaintiff's Complaint be dismissed without prejudice and with leave to amend.

## II.    BACKGROUND

Construed as liberally[1] as possible, the Complaint alleges that on March 8, 2019, Plaintiff was arrested and interrogated regarding an armed home invasion. (*See generally* Dkt. No. 1 [Pl.'s Compl.].) Plaintiff alleges that he was indicted based on the testimony of Haley Recor, who committed perjury before the grand jury. (*Id.*) Plaintiff alleges that he challenged the perjured testimony and sought dismissal on speedy trial grounds but that the criminal court judge, Judge James McClusky, denied those motions. (*Id.*) Plaintiff alleges that he wrote to the New York State Grievance Committee but was ignored. (*Id.*) In addition, Plaintiff alleges that approximately twelve-months after he was first incarcerated, his DNA was improperly taken without notice. (*Id.*) Moreover, Plaintiff alleges that Mr. Villone, the alleged victim of the home invasion, also lied under oath and that "Ch[ie]f ADA Dziuba used testimony known to be false and misleading with knowledge of the falsehoods. Both perjurers are material to the prosecution. Without the perjured testimony there would be insufficient evidence to continue proceeding." (*Id.* at 7.)

The crux of Plaintiff's Complaint is that the indictment against him was improperly based on the testimony of individuals who lied under oath. (*See generally* Dkt. No. 1.)

Based on these factual allegations, Plaintiff asserts a claim that his procedural due process rights were violated pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983. For relief, Plaintiff seeks $300,000.00 in compensatory damages, $300,000.00 in punitive damages, and any other relief that the Court deems just and proper. (*Id.*)

---

[1]     The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

**III.     PLAINTIFF'S APPLICATION TO PROCEED** *IN FORMA PAUPERIS*

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[2] "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Cash*, 2010 WL 5185047, at *1 (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review, the Court finds that Plaintiff has submitted a completed IFP application which has been certified by an appropriate official at his facility (Dkt. No. 2), and which demonstrates economic need. *See* 28 U.S.C. § 1915(a)(2). Plaintiff has also filed the inmate authorization required in the Northern District. (Dkt. No. 3.)

Accordingly, Plaintiff's application to proceed with this action IFP is granted.

**IV.     LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT**

Having found that Plaintiff meets the financial criteria for commencing this action *in forma pauperis*, and because Plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(a). Section 1915(e) of Title 28 of the

---

[2]     Section § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). The Court has reviewed Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service. *See* http://pacer.uspci.uscourts.gov. It does not appear from that review that Plaintiff had accumulated three strikes for purposes of 28 U.S.C. § 1915(g) as of the date this action was commenced.

United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that— . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[3]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a government entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curium) (noting that Section 1915A applies to all actions brought by prisoners against governmental officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, a court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

---

[3] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

## V.     ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

In order to state a claim against a municipality, a plaintiff must allege that the "deprivation of rights protected by the Constitution" caused by an official policy or custom of that municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). "Naked boilerplate allegations against a city are not sufficient to demonstrate a custom, practice or policy of conducting unlawful arrests." *Brown v. City of New York*, 12-CV-3146, 2014 WL 5089748, at *9, n.12 (S.D.N.Y. Sept. 30, 2014); *see Plair v. City of New York*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) (holding that for a *Monell* claim to survive a motion to dismiss, a plaintiff must

5

allege "sufficient factual detail" and not mere "boilerplate allegations" that the violation of the plaintiff's constitutional rights resulted from the municipality's custom or official policy).

"A policy or custom may be established by any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom through which constructive notice is imposed upon policymakers; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised 'deliberate indifference' to the rights of the plaintiff." *Moran v. Cnty. of Suffolk*, 11-CV-3704, 2015 WL 1321685, at *9 (E.D.N.Y. Mar. 24, 2015) (citing *Parker v. City of Long Beach*, 563 F. App'x 39 (2d Cir. 2014) (failure to train); *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014) (widespread and persistent practice); *Hines v. Albany Police Dep't*, 520 F. App'x 5, 7 (2d Cir. 2013) (actions of policymakers); *Schnitter v. City of Rochester*, 556 F. App'x 5, 8 (2d Cir. 2014) (failure to train or supervise); *Missel v. Cnty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) (formal policy and act of a person with policymaking authority for the municipality)).

"The Supreme Court has emphasized that '[a] municipality's culpability for a deprivation of rights [under § 1983] is at its most tenuous where a claim turns on a failure to train.'" *D'Alessandro v. City of New York*, 713 F. App'x 1, 10 (2d Cir. 2017) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). To establish a "failure to train" claim, a plaintiff must generally demonstrate that there has been a "pattern of similar constitutional violations by untrained employees. *Connick*, 563 U.S. at 62. "Only such a pattern may 'ordinarily' be said to put the municipality on notice of its employees' constitutional violations." *D'Alessandro*, 713 F. App'x at 10 (citing *Connick*, 563 U.S. at 62).

Plaintiff's Complaint does not sufficiently allege a pattern of similar constitutional violations by the District Attorney's Office.  The Complaint never mentions specific instances of prosecutorial misconduct beyond Plaintiff's own case.  Rather, the Complaint merely insists, in a conclusory fashion, that Defendant failed to properly train a subordinate "which amounted to a deliberate indifference to the rights of those who came in contact with that employee who acted under color of state law and personally injured Plaintiff."  (Dkt. No. 1 at 1.)  "In such circumstances, where the complaint 'fail[s] . . . to allege any facts to support [the] contention that the challenged actions were in any way related to a custom or policy promulgated by the . . . District Attorney's Office,' *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993), the pleading is insufficient."  *D'Alessandro*, 713 F. App'x at 10 (citing *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) ("[T]he mere assertion . . . that a municipality has . . . a custom or policy is insufficient in the absence of allegations of fact tending to support . . . such an inference.")).  "We do not 'unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'"  *Id*. at 10-11 (quoting *Bldg. Indus. Elec. Contractors Ass'n v. City of New York*, 678 F.3d 184, 191 (2d Cir. 2012).

To be sure, "in a narrow range of circumstances," a plaintiff can establish a "failure to train" claim based on a single incident.  *Connick*, 563 U.S. at 63 (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 409 (1997)).  However, as the *Connick* Court explained, "because prosecutors are subject to a rigorous 'regime of legal training and professional responisiblity,' a municipality cannot be said to be on notice of a recurrent problem in a district attorney's office simply because a prosecutor erred in one case."  *D'Alessandro*, 713 F. App'x at 11 (quoting *Connick*, 563 U.S. at 66-67).  As a result, Plaintiff cannot sustain a "failure to train" claim based on a single incident of Chief ADA Patricia Dziuba's conduct.

7

## VI.     OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[4]

In this case, I am unable to conclude with complete certainty that if permitted leave to amend the complaint, Plaintiff could not assert a plausible due process claim pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983.  Accordingly, I recommend that leave to amend be granted.

---

[4]     *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

If Plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court (1) provide the Superintendent of the facility that Plaintiff has designated as his current location with a copy of Plaintiff's inmate authorization form (Dkt. No. 3) and notify that official that Plaintiff has filed this action and is required to pay the Northern District of New York the entire statutory filing fee of $350.00 in installments, over

time, pursuant to 28 U.S.C. § 1915; and (2) provide a copy of Plaintiff's inmate authorization form (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1), pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. 1915A(a) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[5]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: October  14 , 2020
       Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

[5]  If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).