UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT I. SAWYER,

                    Plaintiff,

v.                                                          5:20-CV-0783
                                                            (TJM/ML)

COUNTY OF JEFFERSON,

                    Defendant.
_____

APPEARANCES:                                                OF COUNSEL:

ROBERT I. SAWYER
  Plaintiff, *Pro Se*
Jefferson County Jail
753 Waterman Drive
Watertown, New York 13601

MIROSLAV LOVRIC, United States Magistrate Judge


## REPORT-RECOMMENDATION

The Clerk has sent this *pro se* Amended Complaint filed by Robert I. Sawyer ("Plaintiff")

against the County of Jefferson ("Defendant") to the Court for review.  (Dkt. No. 6.)  For the

reasons discussed below, I recommend that Plaintiff's Amended Complaint (Dkt. No. 6) be

dismissed in its entirety, without leave to amend.

## I.    BACKGROUND

On December 3, 2020, Senior United States District Judge Thomas J. McAvoy accepted

and adopted my Report-Recommendation in its entirety.  (Dtk. No. 7.)  Judge McAvoy's Order

dismissed without prejudice Plaintiff's Complaint in its entirety.  (*Id*.)

## II.     ALLEGATIONS OF THE AMENDED COMPLAINT

Construed as liberally[1] as possible, Plaintiff's Amended Complaint (much like his
original Complaint) alleges that agents of the County of Jefferson ("Defendant") violated his
civil rights.  (*Compare* Dkt. No. 1, *with* Dkt. No. 6.)

More specifically, the Amended Complaint alleges that on March 8, 2019, Plaintiff was
arrested and charged with violating New York criminal laws.  (*Id.* at 3.)  Plaintiff alleges that
Patrick Ponzo and Haley Recor were also charged and arrested as Plaintiff's co-defendants in the
underlying criminal proceeding.  (*Id.*)  Plaintiff alleges that Ms. Recor repeatedly lied under oath,
gave inconsistent statements, and was threatened by police to inculpate Plaintiff.  (*Id.* at 3-4.)

Plaintiff alleges that Defendant's District Attorney, Kristyna Mills, "personally stamped,
endorsed and typed up [Plaintiff's] accusatory instrument based on falsehoods.  Ms. Mills
intentionally proceeded to prosecute [Plaintiff] with knowledge of these falsehoods."  (*Id.* at 4.)
Plaintiff alleges that the accusatory instrument—charging him with robbery in the first degree,
burglary in the first degree, unlawful possession of a weapon in the second degree, unlawful
possession of a weapon in the third degree, menacing, and harassment in the second degree—
was "fatally defective" because it did not state Plaintiff's mental culpability.  (*Id.* at 5.)  Plaintiff
also alleges that "Ms. Mills filed a discovery request without giving [him] notice in violation of
CPL . . . . [and] after Ms. Mill stated her 'readiness' . . . [for] trial[,] which shows she was not
truly ready as she was still seeking evidence."  (*Id.* at 5-6.)

The Complaint further alleges that "Richard Villone the alleged victim" testified at Mr.
Ponzo's trial where he lied under oath several times, and after the trial he sent a letter to Mr.

---

[1]     The court must interpret *pro se* complaints to raise the strongest arguments they suggest.
*Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790
[2d Cir. 1994]).

Ponzo recommending that Mr. Ponzo cooperate with the District Attorney's office and testify against Plaintiff.  (*Id*. at 6.)

Plaintiff alleges that Ms. Mills "as a policy making individual and Jefferson County . . .[,] under color of law and with complete deliberate indifference . . . deprived [him] of his constitutional right to due process. . . . [by] knowingly and intentionally authoriz[ing], condon[ing], stamp[ing], [and] endors[ing] [Plaintiff]'s accusatory instrument with knowledge of falsehoods."  (*Id.* at 7.)

Based on these factual allegations, Plaintiff appears to assert the following three claims: (1) a claim that Defendant violated his right to due process pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983; (2) a claim that Defendant violated N.Y. Crim. Proc. Law § 210.20; and (3) a claim that Defendant violated N.Y. Penal Law § 10.00.  (*See generally* Dkt. No. 6.)  As relief, Plaintiff seeks compensatory damages in the amount of $2,000,000.00 and punitive damages in the amount of $2,000,000.00.  (*Id*. at 9.)[2]

## III.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief

---

[2]    Plaintiff also filed a Notice on December 10, 2020, stating that the "Grand Jury Action" occurred on April 10, 2019, not April 20, 2019, as initially indicated in the Amended Complaint. (Dkt. No. 8 at 1.)

means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district

court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff

paid the statutory filing fee).  "Legal frivolity . . . occurs where 'the claim is based on an

indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law,

or a dispositive defense clearly exists on the face of the complaint."  *Aguilar v. United States*, 99-

MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston

v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*,

490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual

contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he

decision that a complaint is based on an indisputably meritless legal theory for purposes of

dismissal under section 1915(d), may be based upon a defense that appears on the face of the

complaint.").

## IV.    ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his

pleadings liberally.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Having reviewed Plaintiff's Amended Complaint with this principle in mind, I recommend that

all causes of action be dismissed.

As set forth in the Court's Order and Report Recommendation dated October 14, 2020, to

state a claim against a municipality, a plaintiff must allege that the "deprivation of rights

protected by the Constitution" caused by an official policy or custom of that municipality.

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978).  "A policy or custom may be

established by any of the following: (1) a formal policy officially endorsed by the municipality;

(2) actions or decisions made by municipal officials with decision-making authority; (3) a

practice so persistent and widespread that it constitutes a custom through which constructive

notice is imposed upon policymakers; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised 'deliberate indifference' to the rights of the plaintiff." *Moran v. Cnty. of Suffolk*, 11-CV-3704, 2015 WL 1321685, at *9 (E.D.N.Y. Mar. 24, 2015) (citing *Parker v. City of Long Beach*, 563 F. App'x 39 (2d Cir. 2014) (failure to train); *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014) (widespread and persistent practice); *Hines v. Albany Police Dep't*, 520 F. App'x 5, 7 (2d Cir. 2013) (actions of policymakers); *Schnitter v. City of Rochester*, 556 F. App'x 5, 8 (2d Cir. 2014) (failure to train or supervise); *Missel v. Cnty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) (formal policy and act of a person with policymaking authority for the municipality)).

Here, Plaintiff seeks to impute the conduct of Kristyna Mills, as District Attorney prosecuting his underlying criminal charges, to Defendant. I recommend that these claims be dismissed.

The Second Circuit Court of Appeals has unequivocally held that "prosecutorial acts may not fairly be said to represent official policy of the County," because "[w]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county." *Baez v. Hennessy*, 853 F.2d 73 (2d Cir. 1988) (internal quotation omitted); *see also Doe v. Smith*, 704 F. Supp. 1177, 1184 (S.D.N.Y. 1988). Since Ms. Mills was acting on behalf of the State of New York, and not Jefferson County, any alleged misconduct on Ms. Mill's part cannot be imputed to Jefferson County. *See Joyner v. Cnty. of Cayuga*, 20-CV-0060, 2020 WL 1904088, at *10 (N.D.N.Y. Apr. 17, 2020) (D'Agostino, J.) (dismissing any claims against Cayuga County to the extent that they were based on actions taken by the defendant Jon Budelmann as Cayuga County district attorney because he "was

acting on behalf of the State of New York, and not Cayuga County, [thus] any alleged misconduct on Defendant Budelmann's part cannot be imputed to Cayuga County.").

## V.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

Since Plaintiff has already been granted leave to amend once, I recommend that Plaintiff's claims be dismissed without leave to amend. *See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 168 (2d Cir. 2003) (quoting *Dluhos v. Floating & Abandoned Vessel, Known as "New York,"* 162 F.3d 63, 69 (2d Cir. 1998)) (finding that the "District Court did not abuse its discretion in denying [the plaintiff] leave to amend the complaint because there was a 'repeated failure to cure deficiencies by amendments previously allowed.'"); *Carrasco v. Annucci,* 17-CV-0246, 2017 WL 6492010, at *2 (N.D.N.Y. Dec. 15, 2017) (Suddaby, C.J.) (dismissing a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) without leave to amend "because plaintiff has already had two opportunities to amend the complaint"); *Salinger v. Projectavision, Inc.*, 972 F. Supp. 222, 236 (S.D.N.Y. 1997) ("Three bites at the apple is enough.").

**ACCORDINGLY**, it is respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's Amended Complaint (Dkt. No. 6) pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Report-Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[3]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: January  4 , 2021
        Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[3]     If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).